**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JALDHI OVERSEAS PTE. LTD.** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **15,000 METRIC TONS, MORE OR LESS,** | § | **ADMIRALTY CASE** |
| **OF STEEL CARGO**, *in rem*, et al. | § | **RULE 9(h)** |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF JALDHI OVERSEAS PTE. LTD. VERIFIED
ORIGINAL COMPLAINT, RULE 9(h)**

Jaldhi Overseas Pte. Ltd. ("Jaldhi"), plaintiff herein, brings this action against cargo of 15,000 Metric Tons, more or less, of steel ("Cargo"), *in rem*, which is presently located onboard the M/V CYGNUS OCEAN, a vessel which is within, or which will soon be within, the District, pursuant to Supplemental Rule C for Certain Admiralty and Maritime Claims, and against the owners and/or consignees of the cargo, *in personam*, and alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1.      This is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Rule 64 of the Federal Rules of Civil Procedure.  Jurisdiction is proper under 28 U.S.C. §§ 1333 and 1367.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Cargo is located within this District.

**THE PARTIES**

3.     At all material times to this action, Jaldhi was and still is a corporation or other business entity organized and existing under the laws of Singapore.  Jaldhi was at all material times and now is the disponent owner of the M/V CYGNUS OCEAN.

4.     The defendant *in rem* consists of 15,000 metric tons, more or less, of steel, and is further described in the Mate Receipts attached hereto as Exhibit "A".  The Cargo is currently laden aboard Jaldhi's vessel, the M/V CYGNUS OCEAN, which is currently, or will soon be, in the Port of Houston, Texas.  The Cargo will be discharged from the Vessel and stored at a facility controlled by Jaldhi located in the Port of Houston, Texas, during the pendency of this action.

5.     The following persons and/or entities are the *in personam* defendants and the Cargo listed with each *in personam* defendant is the *in rem* defendant:

a.     HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines, and Commercial Metals Company d/b/a CMC Cometals Steel, located at 6565 N. McArthur Blvd., Suite 800, Irving, TX, shipper, consignee and/or notify party for 3,987 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901600-1615 (See Ex. A, at pp. 1-16);

b.     HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Phil Mockler – TATA Steel International (North America), located at 475 North Maringale Road, Suite 400, Schaumburg, IL 60173, shipper, consignee and/or notify party for 149 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901616-1617 (See Ex. A, at pp. 17-18);

c.     HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Kloeckner Metals Corporation, located at 7400 Mesa Drive, Houston, Texas, shipper, consignee and/or notify party for 644 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901618-1626 (See Ex. A, at pp. 19-27);

d.     HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Pacrim Steel

2

Corporation, located at 14188 SE 8th Street, Bellevue, WA 98007, shipper, consignee and/or notify party for 288 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901627 and DISQSBHT4901660 (See Ex A, at pp. 28 and 61);

e.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and CIEC USA Inc., located at 11200 Westheimer, Suite 210, Houston, Texas, shipper, consignee and/or notify party for 40 metric tons of cargo, more or less, listed on Mate Receipt DISQSBHT4901628 (See Ex. A, at p. 29);

f.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Daewoo International (America) Corp., 10497 Town and Country Way Suite 140, Houston, Texas, shipper, consignee and/or notify party for 136 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901629-1630 (See Ex. A, at pp. 30-31);

g.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and ABN AMRO Capital, LLC, located at 100 Park Ave., 17th Floor, New York, NY, shipper, consignee and/or notify party for 792 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901631-1636 (See Ex. A, at pp. 32-37);

h.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Peak and Pipe and Supply, LLC, 3626 N. Hall Suite 910, Dallas, Texas, shipper, consignee and/or notify party for 1,986 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901637-1641 (See Ex. A, at pp. 38-42);

i.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and Industrial Bank of Korea, located at 1250 Broadway, 37th Floor, New York, NY 10001, and Hansol Metal Co., Ltd, shipper, consignee and/or notify party for 279 metric tons of cargo, more or less, listed on Mate Receipt DISQSBHT4901642 (See Ex. A, at p. 43);

j.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and International Bank of Commerce, located at 1200 San Bernardo Ave., Laredo, TX 78042-1359, shipper, consignee and/or notify party for 642 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901643-1645 (See Ex. A, at pp. 44-46);

k.      HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and DSL Corporation,

located at 16420 Park Ten Place, Houston, TX 77084, shipper, consignee and/or notify party for 1,374 metric tons of cargo, more or less, listed on Mates Receipts DISQSBHT4901646-1659 (See Ex. A, at pp. 47-60);

l.     HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and International Pipe Trading, LLC, located at 1111 Bayside Drive, Suite 175, Corona Del Mar, CA 92625, shipper, consignee and/or notify party for 245 metric tons of cargo, more or less, listed on Mate Receipt DISQSBHT4901661 (See Ex. A, at p. 62);

m.    HDL Clark Steel Pipe Co., Inc., Building No. 13988, I.E.5. SCTEX Road South Clark Freeport Zone, Clarkfield, Pampanga, Philippines and SEBA Pipe Inc., located at 9801 Westheimer, Suite 203, Houston, TX, shipper, consignee and/or notify party for 250 metric tons of cargo, more or less, listed on Mates Receipts DISQSBHT4901662-1663 (See Ex. A, at pp. 63-64);

n.     SeaH Steel Vina Corporation, No. 7 Street 3A, Bien Hoa II, Industrial Zone, Dong Nai, Vietnam and SeaH Steel America, Inc., located at 9615 S. Norwalk Blvd., Suite B, Santa Fe Springs, CA 90670, shipper, consignee and/or notify party for 4,034 metric tons of cargo, more or less, listed on Mate Receipts DISQSBHT4901700-1776 (See Ex. A, at pp. 65-141);

o.     Hoa Sen Group, No. 9 Thong Nhat Boulevard, Song Than 2 Industrial Park, Di An Ward, Di An Town, Binh Duong Province, Vietnam, Sumitomo Corporation of Americas, 6133 North River Road, Suite 700, Rosemont USA, shipper, consignee and/or notify party for 59 metric tons of cargo, more or less, listed on Mate Receipt DISQSBHT4901777 (See Ex. A, at p. 142);

## FACTS

6.     On or about January 11, 2013, Jaldhi entered into a long-term Time Charter agreement with Diamond Star Shipping Pte. Ltd. ("Diamond") to charter the Diamond-owned M/V CYGNUS OCEAN ("Vessel") to Jaldhi.

7.     On or about December 18, 2014, Jaldhi sub-chartered the Vessel to Daebo International Shipping Co. Ltd. ("Daebo"), pursuant to a charterparty, which in pertinent respects incorporated the terms of the Jaldhi-Diamond charter ("Jaldhi-Daebo Charter).

8.     On or about January 8, 2015, Jaldhi delivered the Vessel to Daebo at Subic Bay, Philippines pursuant to the Jaldhi-Daebo charterparty.  While in Subic Bay the vessel was loaded

with Cargo to be delivered to Houston by Daebo.  Pursuant to the terms of the Jaldhi-Daebo Charter, on January 8 Daebo made a payment to Jaldhi for two weeks charter hire in advance, bunkers aboard the Vessel at the time of delivery and other costs Daebo was required to pay on delivery of the Vessel.

9.      After departing Subic Bay, the Vessel proceeded to Ho Chi Minh City, Vietnam, arriving on or around February 2, 2015, whereupon it was loaded with additional Cargo to be delivered to Houston by Daebo.  On January 23, 2015, while the Vessel was in transit to Vietnam, the second instalment of charter hire owed to Jaldhi from Daebo came due.  However, in default of its agreement with Jaldhi, Daebo did not make any payment to Jaldhi.

10.      After loading additional cargo in Vietnam, the Vessel proceeded to Pohang, South Korea.  By the time the Vessel arrived in Poghan, Daebo had failed to make the second charter hire payment owed to Jaldhi under the terms of the Jaldhi-Daebo Charter.

11.      On February 11, 2015, Daebo filed a rehabilitation proceeding in the bankruptcy court in Korea.  The Vessel remained in Korea pending developments in the bankruptcy proceeding.

12.      On March 12, 2015, while the Vessel was still waiting in Korea, Daebo canceled the Jaldhi-Daebo Charter.  At the time Daebo canceled the Jaldhi-Daebo Charter the Vessel was laden with 15,000 metric tons, more or less, of Cargo.  Daebo informed Jaldhi of the cancellation and confirmed that the cancelation was done pursuant to the Article 119 of the Korean Debtor Rehabilitation and Bankruptcy Act.

13.      On or about March 20, 2015, the Vessel departed Pohang for Houston carrying the steel cargo.  The Vessel arrived in the Port of Houston on or around April 29, 2015.

## IN REM PROCEEDING FOR ARREST OF CARGO UNDER RULE C

14.     Jaldhi repeats and re-alleges the above allegations as if fully set forth herein.

15.     Once Daebo canceled the Jaldhi-Daebo Charter on March 12, 2015, Jaldhi, as the disponent owner of the Vessel, incurred considerable expense relating to the care and delivery of the Cargo to Houston, Texas.  Under maritime law a lien on the Cargo arose in favor of Jaldhi to secure the costs owed to it by the *in personam* defendants upon delivery of the Cargo.

16.     Accordingly, Jaldhi seeks to execute its possessory maritime lien pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## QUANTUM MERUIT

17.     Jaldhi repeats and re-alleges the above allegations as if fully set forth herein.

18.     As the disponent owner of the Vessel, Jaldhi incurred considerable expense relating to the care and delivery of the Cargo to Houston, Texas.  As a matter of maritime law and equity, Jaldhi is entitled to be reimbursed by the *in personam* defendants for the reasonable value of the services which it has supplied to care for and deliver the cargo to Houston, Texas.

19.     Each of the named *in personam* defendants is liable to Jaldhi under quantum meruit for its pro rata share of the reasonable value of services rendered by Jaldhi.  Further, a contract implied-in-law was formed between Jaldhi and the *in personam* defendants obligating the defendants to pay Jaldhi their pro rata share of the reasonable value of services rendered by Jaldhi to their benefit.

## UNJUST ENRICHMENT

20.     Jaldhi repeats and re-alleges the above allegations as if fully set forth herein.

21.     *In personam* defendants have benefited from the transportation and delivery of the cargo onboard the Vessel. It would be unjust to allow defendants to receive the benefits of delivery of their cargo to Houston, without any requirement to pay the costs associated with those services.  Accordingly, each *in personam* defendant is liable to Jaldhi for the benefit of receiving its cargo in Houston, Texas.

**WHEREFORE**, Plaintiff Jaldhi Overseas Pte. Ltd. prays for the following relief:

1.     That process according to the practice of this Court issue against defendants;

2.     That this Court enter judgment against defendants for the amount of Jaldhi's damages, together with interest, cost and attorneys' fees;

3.     That pursuant to Supplemental Rule C of the Federal Rules of Procedure, a warrant for the arrest of the 15,000 metric tons, more or less, of Cargo be issued, and that all persons claiming any interest therein may be cited to appear and answer this matter;

4.     That judgment be entered in favor of Jaldhi for the amount of its claim, with interest, costs and attorneys' fees, and that the respective Cargo be condemned and sold to pay same; and

5.     That plaintiff be granted such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**ADAMS AND REESE LLP**

By:    */s/ Christopher L. Evans*
          Christopher L. Evans
          Attorney-in-Charge
          TBN:  06710500
          Federal ID No. 585
          1221 McKinney St., Suite 4400
          Houston, TX 77010
          Tel:  (713) 652-5151
          Fax: (713) 652-5152
          Chris.Evans@arlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF,**
**JALDHI OVERSEAS PTE. LTD.**